UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST PLACE BANK, a federally chartered
savings association, formerly doing
business in Michigan as FRANKLIN BANK,

Case No. 09-cv-14672

HONORABLE STEPHEN J. MURPHY, III

    Plaintiffs,

v.

JORDAN D. MAIN, JASON E. MAIN,
JEFFREY D. MARVIN,

    Defendants.

                                      /

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR
EXTENSION OF DISCOVERY AND MOTION CUT-OFF
DATES** (docket no. 30)**, DENYING FIRST PLACE BANK'S
MOTION FOR SUMMARY JUDGMENT** (docket no. 31)**, AND
DENYING DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO FILE RESPONSE AS MOOT** (docket no. 34)

    This is a breach of contract action brought by First Place Bank ("FPB") against several alleged debtors on a commercial note. On July 30, the parties stipulated to extending all scheduled dates in the case by thirty days due to medical issues confronting defendant's counsel. Now before the Court is a motion filed by the defendants requesting a further extension of thirty days to the amended scheduling order because the severity of defense counsel's condition has prevented the additional discovery from taking place.[1] FPB has opposed the motion, arguing that the defendants have not shown "good cause" for a further extension of discovery as provided by Fed. R. Civ. P. 16(b)(4), and filed their own motion for summary judgment. The defendants have asked the Court to deny this motion as

---

[1] The defendants' motion requesting an extension to the time to file a response to FPB's summary judgment motion (docket no. 34) contains a thorough description of defense counsel's ongoing medical issues. The Court accepts counsel's description of her maladies as accurate, and incorporates it by reference into this Order.

untimely, for more or less the same reasons they have requested a delay in the discovery dates.

Rule 16(b) gives district courts broad discretion to manage the schedule by which litigation takes place. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (noting that any decision made by a district court under Rule 16(b) can only be reviewed for an abuse of discretion). The Sixth Circuit holds that the Court's discretion in amending scheduling orders should be guided by consideration of the moving party's diligence in attempting to meet deadlines provided by the Court, and the possibility of prejudice to the other party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Frustration with the delay in this case would be understandable. Nevertheless, the filings in this case show that defense counsel's capacity to work remains quite limited, and her efforts to confer with opposing counsel and ask for an extension before the expiration of the deadline represent due diligence in the context of the case. It appears that both sides share responsibility for being unduly optimistic about her prognosis when they made their joint motion for an amended scheduling order. FPB's brief opposing the Rule 16(b) extension misses the point in this regard, as this case is not at all similar to one in which perfectly able-bodied attorneys carelessly neglected to perform discovery and requested additional time at the eleventh hour. The Court finds that the defendants have shown a sufficient level of diligence to merit an extension, and that the possibility FPB will be prejudiced by an extension is small. The Court will therefore grant the defendants' motion to amend the scheduling order to permit an extra month of discovery. In addition, because more time for discovery is being allotted, the Court will deny FPB's motion for summary judgment, pursuant to Fed. R. Civ. P. 56(f)(1).

This relief comes with a necessary caveat. The Court is concerned by the seriousness of defense counsel's illness. It may simply be true that she is ultimately unable to continue representing the defendants in the face of severe physical limitations. Accordingly, the Court is disinclined to issue further extensions to the discovery dates in this case with no recovery on the horizon and unending requests for extensions in sight. If defense counsel is at all unsure about her ability to meet the new cut-off date provided by the Court, she should strongly weigh the idea of withdrawing from the case and helping the clients obtain substitute counsel.

**WHEREFORE**, it is hereby **ORDERED** that the defendants' Second Motion for Order Extending the Discovery and Motion Cut-Off Dates (docket no. 30) is **GRANTED**. Furthermore, FPB's Motion for Summary Judgment (docket no. 31) is **DENIED**, and defendants Motion for Extension of Time to File Response (docket no. 33) is **DENIED AS MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 1, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager